IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAQUEL BREDEMEIER,

            Petitioner,

vs.

STATE OF NEBRASKA,

            Respondent.

**8:25CV610**

**MEMORANDUM AND ORDER**

      This matter is before the Court on Petitioner Raquel Bredemeier's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on October 10, 2025, with the filing fee paid on October 30, 2025. After initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will dismiss the petition without prejudice because Petitioner has not exhausted her state court remedies.

## I. BACKGROUND

      On December 7, 2023, Petitioner pled no contest to a charge of motor vehicle homicide, a Class IIA felony. *State v. Bredemeier*, No. A-24-117, 2024 WL 4127961, at *1 (Neb. Ct. App. Sept. 10, 2024), review denied (Nov. 21, 2024). She was sentenced on February 20, 2024, to 18 to 20 years in prison. Filing No. 1 at 1. Petitioner's conviction and sentence were affirmed on appeal on September 20, 2024, but remanded "to determine a period of revocation as required by statute." *Bredemeier*, 2024 WL 4127961, at *3. The mandate was

entered on December 11, 2024. Petitioner did not file a motion for post-conviction review in the state courts.[1]

> As set forth in 28 U.S.C. § 2254:
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id.* at 844. In Nebraska,

---

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Bredemeier*, No. CR21-35, District Court of Jefferson County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

"one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454– 55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that Petitioner did not exhaust her available state court remedies before filing her habeas case in this forum. Petitioner's petition for relief under 28 U.S.C. § 2254 is premature and subject to *sua sponte* dismissal by this Court. *Rose*, 455 U.S. at 520*; Akins*, 410 F.3d at 455.

Petitioner does not allege that her habeas petition is a "mixed" petition. The failure to do so categorically rules out relief under *Rhines v. Weber*, 544 U.S. 269, 276 (2005) since *Rhines* involves only cases with mixed petitions. *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *Id*. Even if the Court could exercise discretion to stay these proceedings pursuant to *Rhines*, a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. The one-year statute of limitations has

not expired. Dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of her available state remedies, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Petitioner has requested appointment of counsel. Filing No. 3. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no current need to appoint counsel. Any counsel appointed by this Court would assist only in this federal case. Since the case will be dismissed, counsel will not be appointed.

Lastly, a petitioner cannot appeal an adverse ruling on her petition for writ of habeas corpus under § 2254 unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the

appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Petitioner's request for appointment of counsel, Filing No. 3, is denied.

3. A judgment will be entered by separate document.

Dated this 21st day of November, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge