IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAQUEL BREDEMEIER,

           Petitioner,

vs.

STATE OF NEBRASKA,

           Respondent.

**8:25CV610**

**MEMORANDUM AND ORDER**

      This matter is before the Court on what the Court construes as Petitioner Raquel Bredemeier's motion for an extension of time to file an appeal. Filing No. 14. Liberally construed, Petitioner seeks an extension of time to file an appeal of this Court's judgment of dismissal to the Eighth Circuit Court of Appeals. For the reasons that follow, the Court will grant Petitioner's motion.

      Federal Rule of Appellate Procedure 4(a)(1)(A) sets forth that a notice of appeal in a civil case must be filed within 30 days of the entry of judgment. This requirement is both "mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A).

      Here, the Court dismissed Petitioner's habeas petition without prejudice on November 21, 2025, for failure to exhaust her state-court remedies and denied her a certificate of appealability.[1] Filing Nos. 9 & 10. The Court entered

---

[1] The Court notes that Petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App.

an amended judgment on December 1, 2025, to clarify that the petition was dismissed without prejudice. Petitioner had until December 31, 2025, to file a notice of appeal. Petitioner did not file a notice of appeal by that date but instead filed the present timely motion for an extension on January 16, 2026.[2] In her motion, Petitioner states she has made a good faith effort to comply with applicable procedural requirements and her "procedural deficiency resulted from a misunderstanding of the filing requirements," "was not intentional," and she "has acted promptly and diligently to correct the error." Filing No. 14.

Upon consideration and for good cause shown, the Court will grant Petitioner's motion. Petitioner has until February 4, 2026, to file[3] a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C) (no extension under Rule 4(a)(5) may exceed 30 days after prescribed time to file notice of appeal or 14 days after date when order granting motion is entered, whichever is later). <u>The Court cannot grant any further extensions of that deadline.</u> *See id*. Petitioner is further advised that, along with her notice of appeal, she must either submit

---

P. 22(b)(1). "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it." *Id*. Rule 22(b)(2) of the Federal Rules of Appellate Procedure further provides that "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Thus, any notice of appeal filed by Petitioner may also serve as a request to the Eighth Circuit Court of Appeals for a certificate of appealability.

[2] Petitioner filed her motion for extension of time after the expiration of the time prescribed for filing a notice of appeal in Federal Rule of Appellate Procedure 4(a)(1), and Rule 4(a)(5)(B) normally requires that notice of such a motion be given to the other parties. Here, the Court dismissed Petitioner's petition on initial review and did not require the respondent to respond and a CM/ECF notice of electronic filing of Petitioner's motion was delivered to the Nebraska Attorney General as an interested party. Under these circumstances, the Court finds consideration of Petitioner's motion to be proper.

[3] Petitioner is advised that, pursuant to Federal Rule of Appellate Procedure 4(c)(1), a prisoner's notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing and accompanied by a declaration as to mailing.

the $605.00 filing and docket fees to the Clerk's office or submit a request to proceed in forma pauperis using the enclosed form.

To be clear, the Court is only granting an extension of time for Petitioner to file her appeal of *this Court's judgment to the Eighth Circuit Court of Appeals*. The extension of time does not apply to any other appeals Petitioner may be alluding to in her motion, including any state court appeals.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for extension of time to file an appeal, Filing No. 14, is granted. Petitioner has until **February 4, 2026**, to file in this Court a timely notice of appeal and a request to the Eighth Circuit Court of Appeals for a certificate of appealability.

2. The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 4, 2026**: deadline to file notice of appeal.

Dated this 21st day of January, 2026.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge